# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 14, 2011

No. 11-10194

Lyle W. Cayce
Clerk

KEITH A. LEPAK; MARVIN RANDLE; DAN CLEMENTS; DANA BAILEY; KENSLEY STEWART; CRYSTAL MAIN; DAVID TATE; VICKI TATE; MORGAN MCCOMB; JACQUALEA COOLEY,

Plaintiffs - Appellants

v.

CITY OF IRVING TEXAS,

Defendant - Appellee

ROBERT MOON; RACHEL TORREZ MOON; MICHAEL MOORE; GUILLERMO ORNELAZ; GILBERT ORNELAZ; AURORA LOPEZ,

Intervenor Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
U.S.D.C. No. 3:10-cv-00277-P

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

This case presents the question of whether the "one person, one vote" principle embodied in the Fourteenth Amendment's Equal Protection Clause requires the City of Irving, Texas, to apportion its city council election districts to equalize the citizen voting age population ("CVAP"), as opposed to equalizing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10194

the total population of each district.    The plaintiffs contend that the constitutionally mandated measure is CVAP, and thus, the City's current apportionment plan, which was drawn with districts of relatively equal total population, but unequal CVAP, is unconstitutional.

We confronted this exact argument in *Chen v. City of Houston*, 206 F.3d 502 (5th Cir. 2000), and held that equalizing total population, but not CVAP, of each district, does not violate the Equal Protection Clause.  *Id.* at 505; *see also id.* at 528.  The Appellants do not attempt to distinguish *Chen*, nor do they argue that there has been any intervening contrary or superseding decision of the Supreme Court or this court sitting en banc.  Instead, they merely argue that *Chen* was wrongly decided.  However, we are not at liberty to overrule *Chen* as the Appellants desire.  *See, e.g.*, *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999) ("It is a firm rule of this circuit that in the absence of an intervening contrary or superseding decision by this court sitting en banc or by the United States Supreme Court, a panel cannot overrule a prior panel's decision." (citing *Billiot v. Puckett*, 135 F.3d 311, 316 (5th Cir. 1998))).  Accordingly, we AFFIRM the district court's grant of the City's motion for summary judgment.[1]

---

[1] We disagree with the Intervenors' arguments that this appeal is not justiciable under Article III of the Constitution.  *See Reno v. Bossier Parish School Board*, 528 U.S. 320, 327-28 (2000) (holding that even though the challenged apportionment plan would almost certainly be superseded by a new plan before the next election, the case nonetheless presented a live Article III case or controversy because the challenged plan "will serve as the baseline against which [the] next voting plan will be evaluated for the purposes of [§ 5] preclearance"); *Baker v. Carr*, 369 U.S. 186, 204-08 (1962) (holding that the alleged dilution of an individual voter's power to elect representatives provides that voter with standing).  Because there are plaintiffs with standing, and they seek only injunctive relief, we need not address the Intervenors' argument that Appellants who reside in Districts 4 and 7 lack standing.  *See Crawford v. Marion Cnty. Election Bd.*, 553 U.S. 181, 189 n.7 (2008) ("We . . . agree with the unanimous view of [the Seventh Circuit] that [some of the petitioners] have standing to challenge the validity of [the state law requiring voters to present photo identification] and that there is no need to decide whether the other petitioners also have standing."), *aff'g* 472 F.3d 949, 951 (7th Cir. 2007) ("Only injunctive relief is sought, and for that only one plaintiff with standing is required . . . ." (citing *Tex. Democratic Party v. Benkiser*, 459 F.3d 582, 585-86 (5th Cir. 2006))).

2